SO ORDERED.

DONE and SIGNED July 9, 2019.



_____
**JOHN S. HODGE
UNITED STATES BANKRUPTCY JUDGE**
_____

**United States Bankruptcy Court
Western District of Louisiana
Shreveport Division**

| | | |
|---|---|---|
| IN RE:<br>TINA R. PEMBERTON<br><br>Chapter 13 | §<br>§<br>§<br>§<br>§<br>§ | Case Number: 15-10832 |

## ORDER MODIFYING CHAPTER 13 PLAN

1. The Court has considered confirmation of the debtor(s) Chapter 13 plan (Docket No. 84) that was proposed on 06/27/2019.
2. All objections to the plan have been withdrawn or overruled.
3. The Court has determined the plan meets all of the requirements of §1329 of the Bankruptcy Code.
4. The value of the collateral for secured claims is set pursuant to the amount set forth in the plan.
5. The Trustee is authorized to calculate the amount and timing of distributions under the plan. The Trustee may make payments in the following order: a. Trustee's fees; b. Pre-confirmation adequate protection payments; c. Conduit mortgage payments and conduit lease payments; d. Appraisal fees, other administrative expenses and debtor(s) pre and post confirmation attorney's fees in the monthly amounts provided by the plan or standing "no look" fee order; e. Other secured creditors (non arrears) and executory contracts; f. Specially classified debts; g. Arrearage claims; h. Priority debts; i. Unsecured debts and any other debt.
6. Attorney's fees for the modification pursuant to the Amended Standing Order Regarding "No Look" Fees in Chapter 13 cases are approved in the amount of $0.00.
7. Secured creditors whose collateral is surrendered shall have 240 days from effective date of plan modification to amend any filed secured claim or file a deficiency claim or

the claim will be disallowed, unless the Court orders otherwise.

8. The Debtor(s) shall not incur any non-emergency consumer debt, including the refinancing of real property debt or purchases on credit in excess of $1,000, without the written approval of the Trustee or order of the Court.

9. The Debtor(s) shall not sell, dispose of, or transfer any property without the written approval of the Trustee or order of the Court.

10. The Debtor(s) shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor(s)' address, employment, marital status, or child or spousal support payments.

11. The Debtor(s) shall keep the Trustee informed as to any claim for or expected receipt of money or property regarding personal injury, workers compensation, social security, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor(s) may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor(s) shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code or the Bankruptcy Rules.

12. By April 30, of each year, the Debtor(s) shall provide the Trustee with a true and complete signed copy of their state and federal income tax return(s) for the preceding year. The Trustee shall compute the amount, if any of the Debtor(s)' refund that must be turned over and send the Debtor(s) a letter notifying them of this amount. Debtor(s)' may retain monies credited for Earned Income Credit and/or Child Tax Credit plus $1,000.00 per debtor. These additional proceeds shall increase the minimum required distribution to the Debtor(s)' allowed general unsecured claims. Said funds must be tendered to the Trustee within 30 days from the date of said letter. Notwithstanding, the foregoing, nothing contained herein shall prohibit the Debtor(s) from timely filing a Motion with the Court, seeking authorization to retain all or any portion of such tax refunds upon a showing of substantial need.

13. **THE VIOLATION BY THE DEBTOR(S) OF ANY PROVISIONS OF THIS ORDER OR THE PLAN MAY RESULT IN DISMISSAL OF THE CASE OR DENIAL OF DISCHARGE AND OTHER SANCTIONS.**

14. The modified plan is confirmed.

###